**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-CR-00005-GFVT-MAS** |
| | ) | |
| **SCOTT COOMES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

Defendant Scott Coomes would like to be released from pretrial custody, largely based on the fact that he has been on state bond for related offenses for the past year without violations. However, the Court finds that the serious danger presented by the offenses in the Indictment, the related state charges, and his history of committing a nearly identical sex crime against a minor victim far outweigh one year of compliant behavior on (essentially) unsupervised state bond.

### I.   ANALYSIS

Coomes is charged with travel with intent to engage in illicit sexual conduct (18 U.S.C. § 2423(b)), attempted production of visual depictions involving a minor engaged in sexually explicit conduct (18 U.S.C. § 2251(a) and (e)), online enticement (18 U.S.C. § 2422(b)), and a felony offense involving a minor by a registered sex offender (18 U.S.C. § 2260A). [DE 1 (Complaint) and DE 5 (Indictment)]. At the initial

appearance, the United States moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(A),(B),(E).  The Court conducted a detention hearing on April 22, 2026.

## II.   <u>LEGAL STANDARD</u>

The Court afforded both sides all procedural rights outlined in the Bail Reform Act ("BRA").    A detention presumption arises under the BRA as to both nonappearance and danger risk because the offense charged involves a minor victim. 18 U.S.C. § 3142(e)(3)(E).  The BRA and *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010), frame the resulting inquiry.   The presumption imposes on the defendant a threshold "burden of production"; in response, "he must introduce at least some evidence" that he poses neither a nonappearance nor a danger risk.  *Stone*, 608 F.3d at 945; *see also United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (imposing a responsive burden on the defendant to produce "some evidence that he will not flee or endanger the community if released"); *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (requiring the defendant to "produc[e] probative, credible evidence to rebut the presumption and support his contention that he will appear . . . and [that] he does not pose a danger"). The production burden "is not heavy," and the Government retains the ultimate burden of persuasion.  *Stone*, 608 F.3d at 945.  An unrebutted presumption requires detention.  A rebutted presumption remains a pro-detention statutory factor.  *See id.* ("The presumption remains as a factor because it . . . reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

Through the testimony of Coomes's mother, Rita Thews, the information in the bond report, and Coomes's proffer, the Court finds Coomes overcame the presumption of detention. Accordingly, the burden shifted back to the United States to prove detention was warranted based on either nonappearance risks or danger to the community.

Detention premised on nonappearance requires preponderant evidence. *See, e.g., United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991); *United States v. Curry*, No. 6:06-CR-82-DCR, 2006 WL 2037406, at *6 (E.D. Ky. Jul. 18, 2006). Danger-based detention, however, demands clear and convincing evidence that no combination of conditions will reasonably ensure community safety. 18 U.S.C. § 3142(f). The analyses are distinct. Conditions that sufficiently target nonappearance risk may not adequately address danger potential. *See United States v. Mercedes*, 254 F.3d 433, 436-37 (2nd Cir. 2001). Further, condition effectiveness inherently hinges on a defendant's predicted good faith compliance. *See United States v. Tortora*, 922 F.2d 880, 887 (1st Cir. 1990) (characterizing predicted compliance as critical release component).

Evidence rules do not apply in the detention hearing context. 18 U.S.C. § 3142(f). The key is simply evidentiary reliability and accuracy. *See, e.g., United States v. Webb*, 149 F.3d 1185 (Table), No. 98-1291, 1998 WL 381686, at *1 (6th Cir. June 22, 1998). Given the hearing's informality, the Court properly considers a wide range of proof. The nature and quality of proof, though, impacts its probative value and weight in the detention calculus.

### III.   ANALYSIS

**A.   COOMES'S DANGER TO THE COMMUNITY**

The § 3142(g) factors drive the analysis.  Specifically, the Court must consider the history and characteristics of the defendant, the nature and circumstances of the offense charged, the weight of the evidence against the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

### 1.   Coomes' History and Characteristics

The Court must consider many aspects of Coomes's background in making the decision to release or detain him. Specifically, the BRA requires courts to "take into account the available information concerning—" [ . . . ] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation[.]" 18 U.S.C. § 3142(g)(3).

Coomes is a 31-year-old nearly life-long resident of Evansville, Indiana. Coomes lives alone in a home he owns there.  [Pretrial Services Report at 1]. If released, Coomes would return to his home, or he could reside with his mother and stepfather at their home in Evansville.  Coomes has been unemployed for the past year, which favors detention. [Pretrial Services Report at 2].  *See United States v. Stidham*, No. 3:10-CR-79, 2010 WL 2639925, at *3 (E.D. Tenn. June 25, 2010) (finding that a defendant's long unemployment favors detention).  Coomes's mother,

stepfather, sister, and brother all live in Evansville.  Coomes completed sex offender treatment as a condition of his probation following a 2015 conviction. [Pretrial Services Report at 3].  Coomes reported no history of drug use or alcohol abuse. [Pretrial Services Report at 3].

In 2015, Coomes was convicted of sexual misconduct with a minor.  The conviction arose from an incident in 2014, when Coomes was 20 years old, and the minor victim was 14 years old.  After meeting the child on the website "KiK," Coomes, who went by the name "Sadistic Scott," picked up the child and engaged in sexual conduct with her.  When law enforcement confronted Coomes, he admitted that he had not only had sexual contact with the child that day, but on another prior occasion.  Coomes ultimately pleaded guilty.  He was required to register as a sex offender until December 2025.

Coomes's mother, Thews, testified that Coomes could reside with her and her husband, and that the house would be free of guns, drugs, alcohol, and electronic devices.  She stated that Coomes did not have any history of drug or alcohol abuse.  Thews testified that Coomes's entire extended family is in the Evansville, Indiana, area.  Thews discussed Coomes's prior conviction, noting that she was not aware of any violations of probation, and that she had remained close and supportive of him through that time.  Thews offered to serve as a third-party custodian.

### 2.   The Nature and Circumstances of the Offense Charged

The BRA requires Courts to consider the "nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim[.]"  18 U.S.C. § 3142(g)(1).

The United States presented the testimony of Homeland Security Special Agent Tar Kristich in support of its motion for detention. Kristich described the conduct that led to the charges in this case. That conduct is also set forth in the Affidavit supporting the Criminal Complaint at DE 1. In summary, the alleged conduct is as follows:

In August 2024, the Kentucky State Police (KSP) received a complaint from the grandmother of the minor victim (MV) that MV, age 13, had been impregnated by an adult male the preceding month. The grandmother told KSP that MV was scheduled to have an abortion. KSP requested MV's grandmother preserve the biological material passed during the abortion for DNA testing, which MV's grandmother did according to KSP's protocols. A forensic interview of MV revealed that MV met Coomes online and began chatting with him on Snapchat. MV believed Coomes was 16 years old, though he was actually 29 years old. MV arranged to meet Coomes at her friend's home during a sleepover. Coomes arrived at the home in the middle of the night, attempted to sneak in through the window, and when he could not fit, he entered through the front door of the home without the knowledge of the adults asleep in the home. Coomes then engaged in sexual intercourse with MV in front of her 12-year-old friend. A forensic search of MV's phone revealed messages from Coomes asking MV to send him "nudes." MV sent Coomes two photos that showed parts of her naked body. Coomes was a registered sex offender at the time of all of this alleged conduct in 2024. The DNA test results indicated there is a 99.9% chance that Coomes was the biological father of the aborted fetus.

Although the Court has found that Coomes rebutted the presumption that attaches to these types of allegations, "[t]he presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class.'" *United States v. Lattner*, 23 Fed. App'x. 363, 364, (6th Cir. 2001) (citing *United States v. Martir*, F.2d 1141, 1144 (2d. Cir. 1986)). Congress has assigned a special category of presumed detention to sexual crimes involving minor victims, reflecting the seriousness of those crimes' dangerousness to the community. The offense conduct alleged is abhorrent and undeniably dangerous to the community.

### 3. <u>The Weight of the Evidence of Dangerousness</u>

In weighing the strength of the evidence, the district court may not modify or limit the defendant's presumption of innocence. 18 U.S.C. § 3142(g). "[T]he § 3142(g) analysis is concerned with a practical assessment of the defendant's dangerousness, rather than an adjudication of guilt for a particular offense." *United States v. Tolbert*, 2017 WL 6003075, at *5 (E.D. Tenn. Dec. 4, 2017) (citing *Stone*, 608 F.3d at 948). This BRA factor is somewhat duplicative of § 3142(g)(1) and (3) because in considering a defendant's overall dangerousness, the Court must consider the facts of the crime alleged as well as evidence that the defendant has been dangerous in the past, such as criminal history and a history of violent behavior.

The crimes alleged in this case mirror Coomes's prior conviction with eerie similarity. This suggests Coomes has a predilection for having sex with very young teenage girls. Further, this offense involved two minor victims, as a second child

witnessed the sexual acts between Coomes and MV. "*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness." *United States v. Demarcus Bristuan Fitzhugh*, 2016 WL 4727480, at *5 (E.D. Mich., Sept. 12, 2016). Coomes is alleged to have victimized at least three young teenage girls in person and additional children through messages on the Internet (allegations the United States is still investigating, per Kristich).

Finally, as the United States pointed out, the alleged offense conduct required Coomes to cross state lines and slip into an occupied house to have sex with a 13-year-old child while supervising adults slept in a nearby room. The level of personal risk to this behavior shows the lengths Coomes is allegedly willing to go to rape children. The weight of the evidence of dangerousness is heavy.

### 4.    The Nature and Seriousness of Danger Posed by Release

The Court must weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). This district has regularly detained defendants due to their dangerousness where the evidence demonstrates the individual has "a plain, prurient interest in children" and had been handling child exploitation materials. *See, e.g.*, *United States v. Kinison*, No. 5:12-CR-57-JBC-REW, 2012 WL 4433296, at *4 (E.D. Ky. Sept. 24, 2012).

Coomes suggested conditions that could mitigate the risk of danger to the community, such as a third-party custodian, no access to the Internet, GPS location monitoring, home detention or home incarceration, no contact with co-defendants and witnesses, travel restrictions, and a prohibition on possession of firearms. He stressed he has not had any violations of his state pretrial release for the past year,

however, proffer at the detention hearing made clear that he has been subject to light, if any, oversight in his state case.

Coomes's mother was reticent to acknowledge Coomes's prior conviction, which occurred while he was living with her. The Court believes Thews is a caring mother but does not believe she will be able to provide oversight sufficient to protect the community's children from further sex crimes by her son.

The Court cannot overstate the nature and seriousness of the danger potentially posed by Coomes's release. Coomes is a convicted child predator and he is presently accused in state court of child rape that resulted in a pregnancy for a 13-year-old. Coomes facilitated his 2014 offense and the alleged offense in this case through the Internet. It is nearly impossible for the Court to monitor the electronic device and Internet usage of a defendant on pretrial release. *See United States v. Poulsen*, 521 F. Supp. 2d 699, 706 (S.D. Ohio 2007) (commenting that, "in our electronic age of ubiquitous and rapid communication devices, the Court [was] ill-equipped to supervise [the defendant's] conduct" and restrict his access to technology in a manner sufficient "to prevent him from having improper contact with other witnesses"). The danger in this case that Coomes could contact another minor child and solicit photographs or sex from them via the Internet poses great peril to the children of Indiana and Kentucky, and perhaps, beyond.

**B.     NONAPPEARANCE RISK**

The United States acknowledged it did not present evidence addressing whether Coomes is a risk of nonappearance, and, thus, did not carry its burden to

Page **9** of **10**

prove by a preponderance of the evidence that Coomes poses a risk of not appearing for future court dates.

## IV. CONCLUSION

For the above-stated reasons, the Court finds the United States failed to prove by a preponderance of the evidence that Coomes poses a risk of nonappearance but proved by clear and convincing evidence that Coomes is an irremediable danger to the community and the Bail Reform Act mandates detention.

The Court has assessed the record, contemplated the risks, evaluated conditions, and determined that no conditions exist that can reasonably assure Coomes will not pose a danger to another or the community. Accordingly, the Court **GRANTS** the United States' oral motion for detention and **DETAINS** Defendant Coomes.

The parties may appeal this Order under the terms of 18 U.S.C. § 3145(a).

Signed this the 29th of April, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY