**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

**CRIMINAL ACTION NO. 5:26-cr-05-KKC**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**SCOTT COOMES** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C.§ 2423(b), charging a violation of Travel to Engage in Illict Sexual Conduct; Count 2 of the Indictment, charging a violation of 18 U.S.C.§ 2251(a) & (e), Attempted Employing, Using, Persuading, Inducing, Enticing, and Coercing a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction of that Conduct; and Count 3 the Indictment, charging a violation of 18 U.S.C. § 2422(b), Online Enticement of a Minor to Engage in Criminal Sexual Conduct. The United States will dimiss Count 4 at the time of Sentencing.

2. A. The essential elements of 18 U.S.C. § 2423(b) are:

   (a) A person traveled in interstate commerce;

   (b) A person did so with intent to engage in illicit sexual conduct, including the production of child pornography.

   B. The essential elements of 18 U.S.C.§ 2251(a) & (e) are:

(a) The Defendant attempted to employ, use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of, or transmitting a live visual depiction of, that conduct; and

(b) The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or afftecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

C. The essential elements are 18 U.S.C. § 2422(b) are:

(a) The Defendant knowingly;

(b) Persuaded, induced, enticed, and coerced;

(c) An individual who had not attained the age of 18 years;

(d) To engage in sexual activity for which any person can be charged with a criminal offense; and

(e) The Defendant used a facility or means of interstate or foreign commerce to do so.

3. As to the offenses charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant met the Minor Victim, MV1, who was then 13 years-old via the internet. Using various online applications, including Snapchat, Coomes employed, used, persuaded, induced, enticed, and coerced MV1 to meet him in person to engage in sexual activity, including oral sex and sexual intercourse. Given the age of the victim, the sexual activity would constitute various criminal offenses, include Rape in the 3rd Degree under KRS § 510.060; Sodomy in the 3rd Degree under KRS § 510.090; and Sexual Abuse in the 1st Degree under KRS § 510.110.

(b) On the evening of July 19 and continuing through July 20, 2024, Coomes traveled in interstate commerce from his home in Indiana to meet MV1 in Trimble County, Kentucky for the purpose of engaging in sexual activity with MV1. On the night in question, MV1 was spending the night with a friend and Coomes traveled to her location. MV1 and her friend snuck Coomes into the home while the parents of MV1's friend were sleeping in another room in the house. After unsuccessfully attempting to gain entrance via a window, Coomes entered through a door to the home.

(c) Once inside, Coomes proceeded to engage in sexual acts, including oral and vaginal sex with MV1 on the floor of her friend's bedroom. MV1's friend was in the room at the time. After engaging in sexual activity with MV1, Coomes left the home and traveled back to his home in Indiana. Approximately six weeks after engaging in sexual activity with MV1, MV1 discovered she was pregnant. The pregnancy was terminated and DNA testing of the fetus confirmed that Coomes was the father.

(d) In the days and/or weeks after traveling from Indiana to Kentucky to meet MV1, Coomes continued to contact MV1 using online applications. In these communications, Coomes attempted to get MV1 to meet him again to "do the same thing" as in their prior meeting. When MV1 declined, Coomes attempted to persuade, induced, entice, and coerce MV1 to send sexually explicit images of herself using the the internet, a means or facility of interstate commerce. MV1 stated that she did send at least one nude image of herself via an online application in response to his request.

(e) Coomes admits that he knowingly traveled in interstate commerce for the purpose of engaging in illicit sexual activity with MV1, that he knowingly attempted to persuade, enduce, entice, and coerce MV1 to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct and to send the image in interstate commerce, and that he used a means or facility of interstate commerce to knowingly attempted to persuade, induce, and coerce MV1 to engage in criminal sexual conduct conduct—that is conduct that would constitute Rape, Sodomy, Sexual Abuse, and Use of a Minor in a Sexual Performance under Kentucky law. Coomes admits that this conduct occurred, in part, in Trimble County, in the Eastern District of Kentucky. Coomes also admits that before his commission of these offenses, he had been convicted of a prior felony sex offense, that is a 2015 conviction in Indiana for Sexual Misconduct with a Minor in violation of Indiana Code § 35-42-4-9.

4. The statutory punishment for Count 1 is imprisonment for not more than 30

years, a fine of not more than $250,000 fine, and a term of supervised release of not less than 5 years and up to life. Because the Defendant has a prior qualifying offense, the statutory punishment for Count 2 is imprisonment for not less than 25 years nor more than 50 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. The statutory punishment for Count 3 is imprisonment for not less than 10 years and not more than life, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A special assessment of $300.00 applies,and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 and 117 (which includes the offenses to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, provided they are not changed by the guidelines in effect at the time of sentencing, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) November 1, 2025, Manual guideline calculations are listed below.

(b) The Defendant agrees that the Defendant's relevant conduct includes all the facts set forth in paragraph three and the provided discovery materials.

(c) Pursuant to USSG § 3D1.2, Counts 1, 2, and 3 shall group together into a single Group because each of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

(d) Apply § 2G2.1 because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and the resulting offense level is greater than under § 2G1.3.

(e) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32

(f) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B) increase the offense level by 2 because the offense involved a minor that had attained the age of 12 years but had not attained the age of 16 years.

(g) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(h) Pursuant to U.S.S.G. § 2G2.1(b)(6), increase the offense level by 2 levels because the offense involves the use of a computer or interactive computer service to persuade, induce, entice, coerce a minor to engage in sexually explicit conduct.

(i) Pursuant to subsection (a) of §4B1.5, because the offense of conviction is a covered sex crime, and the Defendant sustained the conviction subsequent to sustaining at least one sex offense conviction, the offense level is the higher of the offense level from Chapter 2 and 3, or a level 34. Also, the criminal history category shall be the higher of the criminal history pursuant to Chapter 4 or a criminal history level V.

(j) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(k) Pursuant to U.S.S.G. ' 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that all victims he enticed or attempted to entice; and all victims of images he possessed, received, distributed, or produced shall be considered victims for purposes of allocution and restitution, even if those victims are not victims of the counts of conviction.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4, but both parties understand that in no event will criminal history category be lower than a V pursuant to subsection (a) of §4B1.5.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where she resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information.

The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the Defendant fails to surrender and forfeit the assets identified for forfeiture herein, she consents to the forfeiture of any other property of hers up to the

amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to pay restitution to any victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged, crimes that were not the basis of a count of conviction, or conduct not admitted by Defendant in the factual basis.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's

Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving

the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
UNITED STATES ATTORNEY

Date: 9-8-26 By: [signature]
Erin M. Roth
Assistant United States Attorney

Date: 9-3-2026 [signature]
Scott Coomes
Defendant

Date: 9/3/26 [signature]
Sean Pharr
Attorney for Defendant